UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MONTEZ LESHA BISHOP                                                                                   PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:24-cv-126-KHJ-ASH

JIMMY BENNETT, et al.                                                                            DEFENDANTS

REPORT AND RECOMMENDATION

This case is before the Court on pro se Plaintiff Montez Lesha Bishop's Letter/Motion [18].[1] Having considered the pleadings, Bishop's motion, and the applicable law, the undersigned recommends that Bishop's motion be denied.

I.   Background

Bishop is an inmate currently incarcerated at the Federal Correctional Institution (FCI) Sheridan in Sheridan, Oregon. Compl. [1] at 1. He brings this suit against Defendants Jimmy Bennett, Scott Beard, Richard Kennedy, Unknown Ellis, Unknown Chiles, Yazoo City Federal Low Corrections, Federal Bureau of Prisons, and United States of America. *Id*. Bishop paid the filing fee.

Bishop's motion requests the Court to "place a no contact/restraining order between myself and Jimmy Bennett at this time and telling him not to contact me again in the future." Letter/Resp. [18] at 2. In support of Bishop's motion, he attaches a copy of the letter [18-1] from Defendant Jimmy Bennett.

---

[1]Because Bishop failed to sign his Letter/Motion [18] filed on September 9, 2024, the Court gave him an opportunity to correct that omission. *See* Order [19] at 1. As directed, Bishop filed a signed Letter/Motion [21] on October 16, 2024, which was docketed as a Response [21] to the Court's Order [19].

1

II.      Standard

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders. Under Rule 65(b)(2) the duration of a temporary restraining order (TRO) may not exceed 14 days. When the injunctive relief sought exceeds the 14-day period, then the "motion [is] in effect a motion for preliminary injunction . . . ." *Dixon v. Vanderbilt*, 122 F. App'x 694, 695 (5th Cir. 2004).

"'To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.'" *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253–54 (5th Cir. 2009) (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195–96 (5th Cir. 2003)). The movant must "show each of these prerequisites," and failure to do so warrants the denial of a preliminary injunction. *Thomisee v. Police Dep't of Lake Charles*, No. 24-cv-62, 2024 WL 4399518, at *1 (W.D. La. Sept. 12, 2024) (citing *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985)), *report and recommendation adopted*, 2024 WL 4393581 (W.D. La. Oct. 2, 2024).

A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Bluefield Water Ass'n, Inc.*, 577 F.3d at 254 (quotation and citation omitted). Although a preliminary injunction may be granted to safeguard constitutional rights, it remains "an extraordinary and drastic remedy, not to be granted routinely . . . ." *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.

1985)). Furthermore, the "decision to grant or deny a preliminary injunction lies within the discretion of the district court." *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)). The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

III.    Analysis

Bishop seeks a temporary restraining order for injunctive relief that would exceed the fourteen-day period. This is effectively a request for a preliminary injunction. *See Dixon*, 122 F. App'x at 695. Bishop attaches to his motion the letter he received from Bennett. Attach. [18-1] at 1. The letter is the reason for Bishop's motion. Bishop claims that the letter "was an obvious attempt to coerce and intimidate me into dropping [my] suit against him. I now fear for my life and my personal safety . . . ." Pl.'s Mot. [18] at 1. Having reviewed Bennett's letter [18-1] and considering Bishop's motion, Bishop's fails to demonstrate he is entitled to a preliminary injunction.

In particular, Bishop's claim of a substantial likelihood of irreparable injury is conclusory and speculative. But "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "In order to satisfy the irreparable injury requirement, the movant must show a significant threat of imminent injury which cannot be adequately addressed by an award of monetary damages." *Bell v. Coger*, No. 5:24-cv-69-JRG-JBB, 2025 WL 715751 (E.D. Tex. Jan. 30, 2025), at *2 (citations omitted), *report and recommendation adopted*, 2025 WL 712635 (E.D. Tex. Mar. 5, 2025). Allegations that "are speculative and

conclusory" do not meet the requirement of an irreparable injury. *Luker v. Fed. Bureau of Prisons*, No. 25-cv-130-SDD-RLB, 2025 WL 1650379, at *2 (M.D. La. June 11, 2025).

The undersigned has evaluated Bishop's request for an injunction in accordance with the applicable case law and finds that he has failed to carry his burden of persuasion as to one of the required factors for such relief. Bishop's injunctive-relief claim—even when construed liberally—is based on speculation that fails to show any substantial threat of irreparable injury. Bishop demonstrates no basis for injunctive relief. On the contrary, on this record it appears the Court will be able to render meaningful relief without granting a preliminary injunction. Because Bishop cannot demonstrate irreparable injury, the Court need not address the other factors. *TravelHost, Inc. v. Figg*, No. 3:11-CV-0455-D, 2011 WL 6009096, at *5 (N.D. Tex. Nov. 22, 2011) (citing *DFW Metro Line Servs. v. Southwestern Bell Tel.*, 901 F.2d 1267, 1269 (5th Cir. 1990)). The undersigned therefore recommends that Bishop's Motion for a TRO or Preliminary Injunction be denied.

IV. Conclusion and Recommendation

The undersigned has considered all arguments. For the foregoing reasons, the undersigned recommends that Bishop's motion [18] be denied.

V. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject,

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

4

or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Servs Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 2nd day of July, 2025.

*s/Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE