UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MONTEZ LESHA BISHOP     PLAINTIFF

V.     CIVIL ACTION NO. 3:24-CV-126-KHJ-ASH

JIMMY BENNETT, et al.     DEFENDANTS

ORDER

Before the Court is the [43] Report and Recommendation of United States Magistrate Judge Andrew S. Harris. The [43] Report recommends denying pro se Plaintiff Montez Lesha Bishop's ("Bishop") [18] Motion for Preliminary Injunction. [43] at 4. Written objections to the [43] Report were due by July 16, 2025. *Id.* at 4–5. The [43] Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* No party objected to the [43] Report, and the time to do so has passed. The Court adopts the [43] Report as its opinion.

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). And the Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

Bishop is an inmate at the Federal Correctional Institution in Sheridan, Oregon. Compl. [1] at 1. He claims he was victim of sexual assault and abuse while incarcerated, and he seeks "civil and punitive damages." *Id.* at 4.

On September 9, 2024, Bishop filed the [18] Motion, requesting "the Court . . . 'place a no contact/restraining order between [him] and [Defendant] Jimmy Bennett [("Bennett")] at this time and tell[] him not to contact [Bishop] again in the future.'" [43] at 1 (quoting [18] at 2)).

"Under [Federal Rule of Civil Procedure] 65(b)(2)[,] the duration of a temporary restraining order (TRO) may not exceed 14 days. When the injunctive relief sought exceeds the 14-day period, then the 'motion [is] in effect a motion for preliminary injunction . . . .'" *Id.* at 2 (quoting *Dixon v. Vanderbilt*, 122 F. App'x 694, 695 (5th Cir. 2004) (per curiam)). A preliminary injunction is an extraordinary and drastic remedy; the decision to grant one lies within the Court's sound discretion. *See id.* at 2–3 (collecting cases).

Bishop's request exceeds a 14-day period. *See* [18]; [43] at 3. To warrant a preliminary injunction, Bishop must show: "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." [43] at 2 (quoting *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253–54 (5th Cir. 2009) (citation modified)). He has not.

The [43] Report recommends denying Bishop's [18] Motion, and the Court agrees. *See id.* at 4. Bishop has failed to show that he is entitled to a preliminary injunction. *See id.* at 3–4. Specifically, his "claim of a substantial likelihood of irreparable injury is conclusory and speculative." *Id.* (noting Bishop's claims of coercion, intimidation, and fear). Even when construing his claims liberally, Bishop "has failed to carry his burden of persuasion as to one of the required factors for . . . relief." *Id.* at 4.[1]

Finding the [43] Report neither clearly erroneous nor contrary to law, the Court ADOPTS it as its opinion and DENIES Bishop's [18] Motion. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 22nd day of July, 2025.

s/ *Kristi H. Johnson*<br>
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address the other factors. [43] at 4 (collecting cases).