UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MONTEZ LESHA BISHOP                                                            PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:24-cv-126-KHJ-ASH

JIMMY BENNETT, ET AL.                                                         DEFENDANTS

AMENDED REPORT AND RECOMMENDATION

This case is before the Court on Defendant Jimmy Bennett's Motion to Dismiss [30], which he amended [41] to address an apparent typographical error.[1] Pro se Plaintiff Montez Lesha Bishop filed a response to Bennett's motion. *See* Pl.'s Resp. [36] at 1–3. Having considered this matter, the undersigned recommends that Defendant Bennett's request for dismissal based on Federal Rule of Civil Procedure 12(b)(1) and (3) be denied. Although Bennett has failed to demonstrate in his motion that he is entitled to dismissal based on Rule 12(b)(6), the undersigned nonetheless recommends that Bishop's complaint be dismissed sua sponte under 28 U.S.C. § 1915A(b)(1), and that this case be closed.[2]

I.    BACKGROUND

Bishop is a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) Sheridan in Sheridan, Oregon. Bishop alleges in his Complaint [1] the following:

> I was sexual assaulted/abused by Jimmy Bennett, raped by Ms. Ellis. Staff put spit, blood, urine, & feces in my foods, commissar[ie]s & medications. I was electr[o]cuted (sexual assaulted) by a female I don't know her name and several other female officers rape me, sexual harassed use sexual misconduct, sexual abusive behavior

---

[1] The Court directed Bennett to clarify the name of the defendant the Motion to Dismiss [30] intended to address. Order [40] at 1. In compliance with this Order, Bennett filed his Amended Motion to Dismiss. *See* Def.'s Am. Mot. [41].

[2] This Amended Report and Recommendation supersedes the July 3, 2025 Report and Recommendation. The undersigned has withdrawn the July 3, 2025 Report and Recommendation. Order [53].

1

>       towards me during July 2021 until the summer of 2022. Scott Beard,
>       Ms. Ellis, Jimmy Bennett, & Richard Kenned spitted in my food &
>       commissary daily. Dr. Border and Dr. Kline or involved in reporting
>       Jimmy Bennett to PREA.

Compl. [1] at 4. As relief, Bishop seeks monetary damages for $5,000,000.00. *Id.*

II.     ANALYSIS

Bennett seeks dismissal based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim. His challenges to subject matter jurisdiction and venue, however, are conclusory. He cites Rule 12(b)(1) and (3) in the opening sentence of his motion, but he fails to brief either issue.[3] This is insufficient. But because subject matter jurisdiction cannot be waived—indeed, the Court is duty-bound to address its own jurisdiction—the Court will consider it despite Bennett's lack of briefing. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017). Further, "[w]hen a rule 12(b)(1) motion is filed with other Rule 12 motions, the court should consider the rule 12(b)(1) motion 'before addressing any attack on the merits.'" *D&G Holdings, L.L.C. v. Becerra*, 22 F.4th 470, 474 (5th Cir. 2022) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A.      Subject Matter Jurisdiction

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

---

[3] Bennett also failed to file a separate memorandum brief as required by the Local Rules. L.U. Civ. R. 7(b)(4) ("At the time the motion is served, . . . counsel for movant must file a memorandum brief in support of the motion.; see also L.U. Civ. R. 7(b)(2)(B) ("Other than discovery motions under Rule 37, a motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other secondary authority.").

*Ramming*, 281 F.3d at 161 (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Bishop, as the party asserting this Court's jurisdiction, bears the burden of demonstrating it exists. *See id*. Bennett's motion—although lacking any argument—is based on Bishop's Complaint [1]. "Where the motion to dismiss is based on the complaint alone, the court must decide whether the allegations in the complaint sufficiently state a basis for subject matter jurisdiction." *Chilton v. Texas S. Univ.*, No. 4:24-cv-1646, 2024 WL 4282092, at *1 (S.D. Tex. Sept. 24, 2024) (citing *Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981)).

Bishop is proceeding pro se. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). A pro se litigant's pleadings are granted a "liberal construction." *Jones v. Baptist Cmty. Serv.*, No. 2:24-CV-144-Z, 2024 WL 4673932, at *2 (N.D. Tex. Nov. 4, 2024) (citing *Brown v. Tarrant Cnty.*, *Texas*, 985 F.3d 489, 494 (5th Cir. 2021); quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018)).

Bishop filed his complaint on a form used by prisoners to sue under 42 U.S.C. § 1983. Comp. [1] at 1. The style of the action names Jimmy Bennett, Scott Beard, Richard Kennedy, Ms. Ellis, Counselor Chiles, and Ricky Rhodes and refers to "Yazoo City Fed Low Corrections," "Federal Bureau of Prisons," and "United States of America" as defendants.[4] *Id*. Liberally construing Bishop's complaint, the undersigned finds that Bishop's reference to "Yazoo City Fed Low Corrections," "Federal Bureau of Prisons," and "United States of America" indicates where the incident occurred and the employers of the individually named defendants. Bishop's

---

[4] The Court dismissed Defendant Ricky Rhodes on January 15, 2025. Order [23] at 1–2.

subsequent filings corroborate this construction of his complaint. He asserts his case involves "rape and sexual abuse of an incarcerated person," that the Federal Bureau of Prisoners is covering up and denying due process to the victims, and that he seeks assistance litigating against a federal agency. Mot. [48] at 1–2. He also contends that "Bennett [is] one of the men . . . [Bishop sued] to answer to his raping and sexually assaulting me repeatedly while [Bishop] was being held at USP Atlanta and Yazoo City Low Mississippi." Mot. [18] at 1.

Because Bishop asserts civil rights violations requesting monetary damages against defendants who are employees of Yazoo City Federal Correctional Institution, Federal Bureau of Prisons, and the United States of America, Bishop's § 1983 complaint is liberally construed as a *Bivens* action. *See Hartman v. Moore,* 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . § 1983."); *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A district court has subject matter jurisdiction over a *Bivens* action under 28 U.S.C. § 1331. *Rutledge v. United States*, 161 F.3d 7 (5th Cir. 1998). The undersigned concludes that this Court has subject matter jurisdiction and recommends that Bennett's request for dismissal on those grounds be denied.

B.  Venue

Unlike subject matter jurisdiction, venue may be waived. Fed. R. Civ. P. 12(h)(1). "'Generally speaking, a [party] waives an issue if he fails to adequately brief it.'" *Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019), *as revised* (Apr. 26, 2019) (quoting *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001)). Bennett cites Rule 12(b)(3) in his motion. But he offers nothing more. He has waived venue by failing to brief it adequately. The undersigned recommends that Bennett's request for dismissal based on improper venue be denied.

      C.      Failure to State a Claim

           1.      Bennett's Argument

A complaint under Federal Rule of Civil Procedure 8(a)(2) must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Bennett points out that Bishop's complaint does not describe "any behavior by defendant Bennett that could be construed as a tort claim under state law or any type of constitutional violation." Def's Am. Mot. [41] at 4; Def.'s Mot. [30] at 4. Bennett also argues that Bishop's "Complaint is a shotgun pleading." *Id*.

As earlier stated, Bishop is proceeding pro se, and his complaint is liberally construed. Liberal construction of pro se pleadings however does not excuse a plaintiff from asserting in his complaint "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quotation marks and citation omitted).

The undersigned recognizes that Bennett states, by way of background, that he is "retired from the Baldwin County Alabama Sheriff's Office in 2013 and has never worked in or near Yazoo City, Mississippi." Def's Am. Mot. [41] at 1; Def's Mot. [30] at 1. Bennett, however, fails to move for dismissal on that ground.[5] Instead, he argues that "[t]he complaint in this case fails to state any claim or cause of action against Defendant Bennett. There are simply no factual or legal allegations against this Defendant." *Id*. at 3.

Bennett also argues that Bishop's Complaint is a shotgun pleading because it fails to "specifically identify each factual allegation that supports a particular Count." *Id*. at 6. A

---

[5] This is not to suggest he would have been successful had he done so. Courts "must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff." *Frye v. Anadarko Petrol. Corp.*, 953 F.3d 285, 290 (5th Cir. 2019). Bennett's defense that Bishop has sued the wrong Jimmy Bennett is better suited for summary judgment.

complaint is called a "shotgun pleading" when the allegations "collectively refers to multiple defendants, making no distinction amongst the defendants alleged." *McNeal v. Markum Enters., LLC*, No. 6:16-cv-1118-RWS-KNM, 2017 WL 4249402, at *6 (E.D. Tex. Aug. 29, 2017) (citing *Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (Jones, J., dissenting)), *report and recommendation adopted*, 2017 WL 4238163 (E.D. Tex. Sept. 25, 2017); *see also Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Collective pleadings are accepted however "where an individual defendant can discern what misconduct he is being accused of." *McNeal*, 2017 WL 4249402, at *6.

Contrary to Bennett's assertion, Bishop's complaint—that Bennett quotes—states "I was sexual[ly] assaulted/abused by Jimmy Bennett," "Jimmy Bennett . . . spit[] in my food & commissary daily," and "Dr. Border and Dr. Kline [are] involved in reporting Jimmy Bennett to PREA[6]." Compl. [1] at 4; Def's Am. Mot. [41] at 1; Def's Mot. [30] at 1. Because Bennett "can discern what misconduct he is being accused of," Bennett fails to demonstrate that his shotgun-pleading theory is a sufficient basis for dismissal. Additionally, while he incorrectly characterizes the complaint as asserting no particularized facts against him, he fails to brief whether those facts, accepted as true for purposes of Rules 12(b)(6), are sufficient to state a claim. Bennett has failed to demonstrate that dismissal is proper on the grounds raised in his motion.

Although the undersigned recommends that Bennett's 12(b)(6) motion [46] based on his arguments of (1) Bishop's lack of factual allegations against Bennett and (2) Bishop's shotgun

---

[6] Bishop does not explain his reference to PREA, but given his other allegations it appears to be a reference to the Prisoner Rape Elimination Act.

pleadings be denied, the undersigned agrees with Bennett that Bishop's complaint fails to state a claim, but for different reasons discussed below.

            2.        Sua Sponte Dismissal of *Bivens* Claims and Complaint

Bishop filed his Complaint on March 4, 2024, and paid the filing fee on May 20, 2024. As discussed above, Bishop's *Bivens* complaint seeks relief against officers or employees of the Federal Bureau of Prisons (BOP).[7] Because Bishop has paid the filing fee and names BOP officers or employees as defendants, 28 U.S.C. § 1915A applies. *See Thompson v. Hayes*, 542 F. App'x 420, 420 (5th Cir. 2013) (citation omitted). Section 1915A requires the Court to screen the complaint and such review may be conducted after an answer is filed. *Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003). Under § 1915A(b)(1), the court must dismiss the complaint if it is frivolous or fails to state a claim upon which relief may be granted.

In Bishop's Complaint, he states that

> I was sexual assaulted/abused by Jimmy Bennett, raped by Ms. Ellis. Staff put spit, blood, urine, & feces in my foods, commissar[ie]s & medications. I was electr[o]cuted (sexual assaulted) by a female I don't know her name and several other female officers rape me, sexual harassed use sexual misconduct, sexual abusive behavior towards me during July 2021 until the summer of 2022. Scott Beard, Ms. Ellis, Jimmy Bennett, & Richard Kenned spitted in my food &

---

[7] The undersigned takes judicial notice that Bishop was convicted in the United States District Court for the Southern District of Alabama in *United States v. Bishop*, No. 1:15-cr-19-WS-C (S.D. Ala. Dec. 7, 2015). The undersigned also takes judicial notice that Bishop filed a similar civil action to this one in the United States District Court for the Northern District of Georgia in *Bishop v. Unnamed Defendant*, No. 1:24-cv-541-JPB-CCB (N.D. Ga. Mar. 25, 2024), while housed in FCI Sheridan, Oregon. That civil action was dismissed without prejudice. Based on Bishop's criminal conviction in 2015 and the allegations of his civil cases, Bishop is claiming the alleged incidents giving rise to this *Bivens* action occurred from 2021 and 2022. The alleged incidents occurred when he was in the custody of the BOP. When screening a case under 28 U.S.C. §§ 1915(e) or 1915A, the Court may take judicial notice of public filings in a plaintiff's other cases. *Gonzalez v. Degollado*, No. 5:20-CV-30, 2021 WL 5564430, at *5 (S.D. Tex. Nov. 29, 2021) (citing *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Murchison Cap. Partners, LP v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015)).

> commissary daily. Dr. Border and Dr. Kline or involved in reporting Jimmy Bennett to PREA.

Compl. [1] at 4.

The Supreme Court in *Bivens* recognized an implied cause of action against federal officers in their individual capacities involving a Fourth Amendment claim for unreasonable search and seizure. *Bivens*, 403 U.S. at 397. Since that decision, the Supreme Court has acknowledged a *Bivens* claim for only two other implied causes of actions. In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court recognized a *Bivens* claim for violations of the Fifth Amendment Due Process Clause for gender discrimination. Then in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court extended *Bivens* to a federal prisoner's Eighth Amendment claim for inadequate medical care resulting in the prisoner's death. Importantly, "a *Bivens* remedy is not available for all constitutional violations." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017).

As recent as June 30, 2025, the Supreme Court declined to extend *Bivens* to include an implied cause of action for damages based on an excessive use of force claim under the Eighth Amendment. *Goldey v. Fields*, 606 U.S. 942 (2025) (per curiam). The Supreme Court stated that it "has repeatedly emphasized that recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Id.* at 944 (quoting *Egbert v. Boule*, 596 U.S. 482, 492 (2022)) (cleaned up). That said, the Supreme Court once again applied a two-step test to determine whether a *Bivens* claim may proceed. *Id.*

First, the court asks "whether the case presents 'a new *Bivens* context'—that is, whether the case 'is different in a meaningful way' from the cases in which this Court has recognized a *Bivens* remedy." *Id.* (citations omitted). Second, if it is a new context, then the court "ask[s] whether there are 'special factors' indicating that 'the Judiciary is at least arguably less equipped

8

than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (quotation omitted) (cleaned up).

Applying the two-step test, Bishop alleges that Bennett sexually assaulted and abused him and that Defendant Ellis raped him—excessive use of force claims. He also asserts an Eighth Amendment conditions-of-confinement claim by alleging that the Defendants abused him by putting spit, blood, urine, and feces in his food, commissary, and medication.[8] Bishop's claims are different in "meaningful ways" from the issues in the three cases recognizing an implied cause of action under *Bivens*, and Bishop's claims clearly presents a new context for purposes of *Bivens*. *See Goldey*, 606 U.S. at 944 (declining to extend *Bivens* cause of action for excessive use of force in violation of the Eighth Amendment); *see also Morrison v. Wilson*, No. 4:20-cv-222-O, 2021 WL 2716596, at *6 (N.D. Tex. June 30, 2021) (finding plaintiff's Eighth Amendment conditions-of-confinement claims that do not concern a deprivation of medical care present a new *Bivens* context).

Because Bishop's claims arise in a new context, the next step is to determine "whether there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Goldey*, at *2 (quotations omitted) (cleaned up). There are two "special factors" that counsel against extending *Bivens* here. One is that "Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages." *Id.* (citing *Ziglar v. Abbasi*, 582 U.S. 120, 148–49 (2017)). That includes "Congress specifically address[ing] the issue of sexual assaults in prison when it passed the Prison Rape Elimination Act in 2003." *Dudley v. United*

---

[8] Although he references medication, Bishop never alleges that he was deprived of medical attention by officers who knew of his serious medical condition. *Carlson*, 446 U.S. at 16–18.

9

*States*, No. 4:19-cv-317-O, 2020 WL 532338, at *7 (N.D. Tex. Feb. 3, 2020) (citing 34 U.S.C. §§ 30301 to -09). PREA however does not create a private cause of action. *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (observing "other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape" and affirming dismissal of prisoner's claim under PREA as frivolous). "Congress had the opportunity to create a privately-enforceable damages remedy against federal officials for claims relating to prison rape, but declined to do so. This Congressional inaction further counsels against judicial creation of such a remedy that the legislature has not seen fit to create." *Dudley*, 2020 WL 532338, at *7. The Fifth Circuit has further concluded that "[w]hether and to what extent *Bivens* extends" to a prisoner's Eighth Amendment condition-of-confinement claim "is an issue best left for Congress to address." *Springer v. United States*, No. 21-11248, 2022 WL 2208516, at *1 (5th Cir. June 22, 2022).

The other special factor is whether "there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Egbert*, 596 U.S. at 492. "The existence of such alternative remedial procedures counsels against allowing *Bivens* suits even if such procedures are not as effective as an individual damages remedy." *Goldey*, 606 U.S. at 944–45 (quoting *Egbert*, 596 U.S. at 498) (cleaned up).  "[T]he alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would." *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (rejecting argument that the Federal Tort Claims Act provided an insufficient alternative remedy because "Congress did not make individual officers statutorily liable for excessive-force claims"; "This 'silence of Congress is relevant' to the special-factors inquiry.").

The existence of the BOP's administrative remedy program, *see* 28 C.F.R. § 542.10(a), demonstrates that there is an alternative remedial structure in place. That alone counsels against the extension of *Bivens* here. *See Watkin v. Carter*, No. 20-40234, 2021 WL 4533206, at *2 (5th Cir. Oct. 4, 2021) (recognizing that an alternative method of relief for a *Bivens* action is the BOP's Administrative Remedy Program). Also, under the Federal Tort Claims Act (FTCA), a federal prisoner may sue for injuries received during incarceration.[9] *Id*. (citations omitted).

Bishop's claims that he was sexually assaulted and raped and his Eighth Amendment conditions-of-confinement claim that prison officials put spit, blood, urine, and feces in his food, commissary, and medication involve a new *Bivens* context. *See Hernandez v. Causey*, 124 F.4th 325, 333 (5th Cir. 2024) ("Outside of these three narrowly defined categories" in *Bivens*, *Davis*, and *Carlson*, "[v]irtually everything else is a 'new context.'" (quoting *Oliva*, 973 F.3d at 442)). And because special factors counsel against the extension of *Bivens* here, Bishop does not have a viable cause of action under *Bivens*. The undersigned therefore recommends that Bishop's claims of sexually assault, rape, and his Eighth Amendment conditions-of-confinement claims that prison officials put spit, blood, urine, and feces in his food, commissary, and medication be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Stated simply, Bishop has no *Bivens* cause of action for these claims.

To the extent that Bishop is claiming a cause of action under PREA, the "new context" analysis is unnecessary because, as stated previously, PREA does not create a private cause of

---

[9] *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1) (providing that a person may pursue tort claims that arise from the negligent or wrongful acts or omissions of federal employees in the course of their employment).

11

action.[10] *Krieg*, 599 F. App'x at 232–33) (stating that "other courts addressing this issue have found that the PREA does not establish a private cause of action for allegations of prison rape" and because plaintiff did not cite a case in support of his position, decided that "any claim raised under the PREA is properly dismissed as frivolous"); *Dudley*, 2020 WL 532338, at *7. Like the plaintiff in *Krieg*, Bishop has failed to cite any case law to support a claim under PREA. Nor is the Court aware of any. The undersigned therefore recommends that the Court dismiss Bishop's PREA claim with prejudice as frivolous under 28 U.S.C. § 1915A(b)(1).

III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court deny Defendant Bennett's Motion to Dismiss [30] and Amended Motion to Dismiss [41] based on Fed. R. Civ. P. 12(b)(1), (3), and (6). The undersigned further recommends that this Complaint against all Defendants be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. 1915A(b)(1) because there is no *Bivens* cause of action (and no private right of action under PREA), and this case be closed. *See, e.g.*, *Canada v. United States*, 950 F.3d 299, 302, 312 (5th Cir. 2020) (affirming a dismissal with prejudice where there was no cause of action under *Bivens*).

IV. NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[11] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.

---

[10] PREA "was drafted 'to address the problem of rape in prison, authorize grant money, and create a commission to study the issue; it does not give prisoners any specific rights.'" *Dudley*, 2020 WL 532338, at *7 (quotations omitted).

[11] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

   RESPECTFULLY SUBMITTED, this the 5th day of August, 2025.

              *s/Andrew S. Harris*
              UNITED STATES MAGISTRATE JUDGE