UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MONTEZ LESHA BISHOP                                              PLAINTIFF

V.                                    CIVIL ACTION NO. 3:24-CV-126-KHJ-ASH

JIMMY BENNETT, et al.                                           DEFENDANTS

ORDER

Before the Court is the [54] Amended Report and Recommendation of United States Magistrate Judge Andrew S. Harris. The [54] Report recommends denying Defendant Jimmy Bennett's ("Bennett") [30] Motion to Dismiss, denying Bennett's [41] Amended Motion to Dismiss, dismissing with prejudice pro se Plaintiff Montez Lesha Bishop's ("Bishop") [1] Complaint, and closing this case. [54] at 12. Written objections to the [54] Report were due by August 19, 2025. *Id.* at 12–13. The [54] Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* No party objected to the [54] Report, and the time to do so has passed. The Court adopts the [54] Report as its opinion.

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the clearly erroneous, abuse of discretion and contrary to law standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam) (citation

modified). And the Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

Bishop is an inmate at the Federal Correctional Institution in Sheridan, Oregon. [1] at 1. He claims he was the victim of sexual assault and abuse while incarcerated. *Id.* at 4. He seeks monetary damages for $5,000,000.00 from Bennett, alongside Defendants Scott Beard, Richard Kennedy, "Ms. Ellis," "Counselor Chiles," "Yazoo City Fed Low Corrections," the "Federal Bureau of Prisons," and the "United States of America." [1] at 1, 4.

Bennett's [41] Amended Motion seeks dismissal of Bishop's [1] Complaint on three grounds: lack of subject matter jurisdiction, improper venue, and failure to state a claim.[1] [41] at 1. The [54] Report recommends denying Bennett's [41] Motion on all three grounds. The Court agrees.

First, the Court denies Bennett's subject matter jurisdiction challenge. [41] at 1. Bishop is proceeding pro se and seeks relief against the federal government. [1] at 1. Therefore, his [1] Complaint may be construed as a *Bivens* action.[2] *See Hamer v. Cent. Off. Admin. Remedy,* No. 4:19-CV-115, 2021 WL 389789, at *2 (N.D. Tex. Feb. 4, 2021) (construing pro se plaintiff's Section 1983 complaint against federal

---

[1] Bennett filed the [30] Motion with a typographical error. Bennett's [41] Amended Motion corrected the typographical error and moved to dismiss on the same grounds as the [30] Motion. The [54] Report's analysis of the [41] Amended Motion applies equally to the [30] Motion, so the Court does not address the [30] Motion separately.

[2] *See Hartman v. Moore,* 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . [Section] 1983.").

defendants as a *Bivens* action). And the Court has subject matter jurisdiction over *Bivens* actions under 28 U.S.C. § 1331. *See Rutledge v. United States*, 161 F.3d 7 (5th Cir. 1998).

Next, Bennett's request for dismissal for improper venue is waived. [41] at 1. "[U]nlike challenges to a court's subject matter jurisdiction, venue relates only to the convenience of litigants, and challenges to venue are waivable." *Arena IP, LLC v. New England Patriots, LLC*, No. 4:23-CV-428, 2023 WL 8711081, at *1 n.1 (S.D. Tex. Nov. 20, 2023) (citation modified). Bennett fails to explain why venue is improper. On that basis, he waives his venue challenge. *See United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010).

Finally, the Court denies request for dismissal for failure to state a claim. [41] at 2, 4. Bennett offers two grounds for dismissal here: factual insufficiency and shotgun pleading. *Id.* at 3–4. But neither ground is supported by the record or sufficiently briefed. Bennett claims the [1] Complaint does not describe "any behavior by [Bennett] that could be construed as a tort claim . . . or . . . constitutional violation." [41] at 4. In fact, Bishop's [1] Complaint states, "I was sexual[ly] assaulted/abused by Jimmy Bennett," and "Jimmy Bennett . . . spit[] in my food [and] commissary daily." [1] at 4.

And Bishop's [1] Complaint is not a shotgun pleading. "What makes a pleading a 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *Bates v.*

*Laminack*, 938 F. Supp. 2d 649, 667 (S.D. Tex. 2013) (citation omitted). Bishop provides sufficient factual allegations against Bennett. In any case, Bennett fails to adequately brief whether the facts in the [1] Complaint, accepted as true, are enough to state a claim. *See* Fed R. Civ. P. 12(b)(6). As a result, his challenge fails.

Denying Bennett's [41] Motion leaves only the [54] Report's recommendation that Bishop's *Bivens* action be dismissed.[3] [54] at 7–12. As discussed above, the [54] Report construes Bishop's [1] Complaint as a *Bivens* action to establish subject matter jurisdiction. [54] at 3–4. The [54] Report finds Bishop lacks a viable cause of action under *Bivens* and recommends the Court dismiss Bishop's [1] Complaint with prejudice under 28 U.S.C. § 1915A(b)(1). [54] at 12. The Court agrees.

Section 1915A requires the Court to screen and dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. *Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003) (per curiam) (citation omitted). And "recognizing a cause of action under *Bivens* is a disfavored judicial activity." *Goldey v. Fields*, 606 U.S. 942, 944 (2025) (per curiam) (citation modified). So a court decides whether a *Bivens* claim can proceed by asking "whether the case presents a new *Bivens* context—that is, whether the case is different in a meaningful way from the cases in which [the Supreme Court] has recognized a *Bivens* remedy."[4] *Id.*

---

[3] Bishop's [1] Complaint also references the Prison Rape Elimination Act ("PREA"). [1] at 4. The PREA does not create a private cause of action, so Bishop's PREA claim is dismissed as frivolous. *Krieg v. Steele*, 599 F. App'x 231, 232–33 (5th Cir. 2015) (per curiam) (affirming dismissal of prisoner's claim under PREA as frivolous).

[4] The Supreme Court has recognized a *Bivens* action in three circumstances. *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (violation of Fourth Amendment rights by narcotics agents); *Davis v. Passman*, 442 U.S. 228 (1979) (violation of Fifth Amendment right by United States congressman for employment

(citation modified). If the case presents a new context, the court "asks whether there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (citation modified).

Bishop's claims present a new *Bivens* context, and two special factors counsel against the extension of *Bivens* here. Bishop brings excessive use of force and conditions of confinement claims. [54] at 9. These claims are meaningfully different from the three cases in which the court has recognized a *Bivens* action. *See Hernandez v. Causey*, 124 F.4th 325, 333 (5th Cir. 2024) ("Outside of these three narrowly defined categories [in *Bivens*, *Davis*, and *Carlson*], virtually everything else is a new context.") (citation modified). Moreover, two special factors counsel against the extension of *Bivens* here. First, Congress has "legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages." *Goldey,* 606 U.S. at 944 (citing *Ziglar v. Abbasi*, 582 U.S. 120, 148–49 (2017)). Second, the Bureau of Prisons administrative remedy program under 28 C.F.R. § 542.10(a) provides an alternative remedial structure, which "is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *See Egbert v. Boule*, 596 U.S. 482, 493 (2022).

---

discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (violation of Eighth Amendment rights by prison officials for inadequate medical care).

As a result, Bishop does not have a viable cause of action under *Bivens*. And the Court dismisses Bishop's [1] Complaint with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b)(1). [54] at 12.

Finding the [54] Report neither clearly erroneous nor contrary to law, the Court ADOPTS it as its opinion, DENIES the [30, 41] Motions to Dismiss, and DISMISSES with prejudice the [1] Complaint. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision. The Court will issue a separate final judgment.

SO ORDERED, this 22nd day of August, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
